UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

Nickie Kane,
Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, and
CITY OF NEW YORK,
Defendants.

------------------------------------------------------x

Case No.: __________

SUPPLEMENTAL MEMORANDUM OF LAW

I. MUNICIPAL LIABILITY UNDER MONELL

A municipality is liable under 42 U.S.C. § 1983 where a constitutional or statutory violation results from an official policy, custom, or practice, or from deliberate indifference to known violations.

Here, Plaintiff alleges a municipal custom and practice of:

1. Delegating housing administration to contractors without effective oversight;
2. Failing to intervene after repeated notice of service denial and safety risks;
3. Tolerating discrimination and obstruction in City-administered housing programs.

DSS and the City were repeatedly notified of Plaintiff's exclusion from services and failed to act. This constitutes deliberate indifference and satisfies Monell's "moving force" requirement.

II. ADA TITLE II LIABILITY

Under ADA Title II, public entities must ensure that qualified individuals with disabilities have meaningful access to public programs and must make reasonable modifications to avoid discrimination.

DSS and the City:

- Are public entities;
- Administer CityFHEPS and Section 8;
- Denied Plaintiff meaningful access through non-responsiveness, case closure, refusal to assign case management, and failure to accommodate disability-related needs.

These failures establish a likelihood of success on Plaintiff's ADA Title II claims.

## III. REHABILITATION ACT LIABILITY

The Rehabilitation Act applies because Defendants receive federal financial assistance. The standard is coextensive with the ADA. Defendants' failure to accommodate and their exclusion of Plaintiff from housing services satisfy Section 504.

## IV. INJUNCTIVE RELIEF IS APPROPRIATE AGAINST MUNICIPAL DEFENDANTS

Courts routinely grant injunctive relief where municipal policies or practices deny access to public programs. Plaintiff seeks prospective relief only, tailored to ensure compliance with federal law.

## CONCLUSION

Plaintiff has demonstrated a likelihood of success on Monell, ADA, and Rehabilitation Act claims and faces irreparable harm. Injunctive relief is warranted.