UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

Nickie Kane,
Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF
SOCIAL SERVICES, and
CITY OF NEW YORK,
Defendants.

-------------------------------------------------------x

26-cv-00273 (RER)(SDE)

Case No.: __________

AFFIDAVIT IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

I, Nickie Kane, being duly sworn, depose and state as follows:

1. I am the Plaintiff in this action and submit this Affidavit in support of my Motion for Preliminary Injunction. The statements below are based on my personal knowledge.
2. I am an Asian transgender woman with a disability. I use a service animal as a reasonable accommodation and rely on City-administered housing services to safely access and maintain housing.
3. I am a participant in CityFHEPS. Defendant NYC Department of Social Services (DSS) administers these programs directly and through contracted providers. Defendant City of New York is responsible for the policies, practices, and oversight failures described below.

DSS AND CITY FAILURE TO PROVIDE MEANINGFUL ACCESS

4. For over fifteen (15) months, DSS failed to ensure that I received meaningful access to housing services, despite repeated notice of service failures and safety risks.
5. DSS allowed its contractor to repeatedly:
   a. Refuse to return my calls and emails;
   b. Claim my case was "closed" without explanation;
   c. Refuse to identify or assign a case manager;
   d. Refuse to schedule or honor appointments;
   e. Block required inspections and payment delivery.
6. DSS was repeatedly notified of these failures and took no corrective action.
7. DSS did not intervene, reassign my case, or provide accommodations necessary for my disability-related needs, including consistent communication and continuity of case management.

FAILURE TO ACCOMMODATE DISABILITY AND SERVICE ANIMAL

8. DSS knew I have a disability and use a service animal.

9. DSS failed to ensure reasonable accommodations, including accessible communication, predictable scheduling, and assistance required to safely navigate housing placement.
10. These failures denied me meaningful access to City housing programs in violation of ADA Title II and Section 504 of the Rehabilitation Act.

DELIBERATE INDIFFERENCE AND RETALIATION

11. After I complained to DSS, City agencies, the Mayor's Office, and the Governor's Office, the obstruction and non-responsiveness worsened.
12. DSS's continued inaction despite notice constitutes deliberate indifference to my federally protected rights.

IRREPARABLE HARM

13. As a direct result of Defendants' failures, I have suffered fear for my safety, housing instability, emotional distress, anxiety, loss of sleep, and loss of safe access to housing.
14. Without immediate court-ordered relief, I will continue to be excluded from City housing programs and exposed to harm. Monetary damages cannot remedy these injuries.

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1-16-24
Brooklyn, New York

Nickie Kane
Plaintiff, Pro Se