**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALFRED MILLER, JR.**
Phone: (212) 356-2392
Email: alfmille@law.nyc.gov

November 20, 2026

**VIA ECF**
Hon. Ramon E. Reyes, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Kane v. New York City Department of Social Services, et al*.,
26-cv-00273 (RER) (SDE)

Dear Judge Reyes:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, attorney for Defendants, New York City Department of Social Services and the City of New York (hereinafter "City Defendants"). Plaintiff, pro se, filed the instant Complaint, (ECF No. 1) and Motion for Preliminary Injunction (ECF No. 3) on or about January 16, 2026. Plaintiff alleges a violation of the Fair Housing Act, Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Section 1983, and the New York State and City Human Rights Law. Plaintiff appears to complain of harassment by another tenant in her housing provided by a non-party who she alleges is contracted with the City Defendants. On September 30, 2026, this Court denied Plaintiff's Preliminary Injunction (hereinafter, "PI") without prejudice, granted Plaintiff in forma pauperis status, and directed the Defendants to respond to the Complaint and motion for preliminary injunction.

City Defendants write to respectfully request a 45-day enlargement of the period of time, from November 27, 2026, until January 11, 2027, for City Defendants to respond to Plaintiff's Complaint and to submit opposition to Plaintiff's Motion for a Preliminary Injunction ("PI Motion"). This is Defendants' first request for an extension of these deadlines. The extension is necessary as the undersigned was recently assigned this matter and needs additional time to review and prepare an appropriate response to the Complaint and the PI Motion. The need for additional time is particularly imperative as the instant proceeding is marked related to seven prior actions. Additionally, the upcoming holidays and scheduled leaves hinder my ability to investigate the factual basis, if any, for Plaintiff's claims.

I have consulted with Plaintiff, Nicki Kane, proceeding *pro se*, and she does not consent to the requested extension. She detailed her objection as follows:

> "I do not consent to the requested 45-day extension unless the City takes immediate and meaningful action to stop the ongoing harassment and threats I have been subjected to by the other tenant . . . My request for a preliminary injunction seeks immediate protection from this continuing harassment. Granting Defendants an additional 45 days without any measures to address the situation would prolong the harm I am experiencing and undermine the urgency of the relief requested."

While Plaintiff alleges residing at her address in Kings County, ECF No. 1 (II)(4). it appears that she is a resident of Queens County. Thus, further investigation is needed to ascertain her residency. Moreover, to the extent that she alleges conduct by a non-party provider, further investigation is needed.

Thus, the City Defendants respectfully request a 45-day enlargement of the period of time to respond to the Complaint and the dismissed Motion for a Preliminary Injunction.

I thank the Court for its consideration of this matter.

Respectfully submitted,

ALFRED MILLER, JR.
*Assistant Corporation Counsel*

**<u>CC</u>**: Ms. Nickie Kane (via ECF)