*** Filed ***
01:57 PM, 23 Nov, 2026
U.S.D.C., Eastern District of New York

Nickie Kane
95-73 114 Street
South Richmond Hill, NY 11419
Ms.Nickie.Kane@gmail.com

VIA E-MAIL AND ECF
Hon. Seth D. Eichenholtz,
U.S.M.J. United States Magistrate Judge
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

November 23, 2026

Case No. 1:26-cv-00273-RER-SDE, Nickie Kane v. New York City Department of Social Services, et al.,

PLAINTIFF'S OPPOSITION TO THE GRANTED 45-DAY EXTENSION OF TIME AND REQUEST FOR EMERGENCY JUDICIAL INTERVENTION DIRECTING CITY DEFENDANTS TO ADDRESS CONTINUING HARASSMENT, THREATS, AND ALLEGED BIASED POLICING

Dear Judge Eichenholtz:

I am the Plaintiff, proceeding pro se, in the above-captioned action. I respectfully submit this opposition to the City Defendants' November 20, 2026 request, ECF No. 8, for a 45-day extension of time to respond to my Complaint and Motion for a Preliminary Injunction.

I acknowledge that the Court has already granted the requested extension, moving the Defendants' response deadline from November 27, 2026, to January 11, 2027.

I respectfully maintain my opposition to that extension and request that the Court reconsider its decision or, alternatively, require the City Defendants to take appropriate and lawful action to address the continuing harassment, threats of physical violence, discriminatory conduct, and alleged failures of police protection that form the basis of this litigation.

I understand that the Court previously determined that I had not satisfied the standard for preliminary injunctive relief. However, the harassment has continued, and additional incidents have occurred since that determination.

I respectfully submit that the Court should consider these subsequent events and the continuing risk to my safety when determining whether interim protective relief is warranted.

I am not asking the Court to direct the NYPD to make an arrest or reach a predetermined investigative conclusion. I am requesting an order requiring appropriate, nondiscriminatory consideration of my reported threats and complaints, preservation of relevant evidence, and reasonable action within the City's lawful authority to address the ongoing safety concerns.

I. PLAINTIFF MAINTAINS HER OPPOSITION TO THE 45-DAY EXTENSION

The City Defendants requested an additional 45 days, citing counsel's recent assignment, the need to investigate Plaintiff's allegations, upcoming holidays, and scheduled leave.

I recognize that counsel may require reasonable time to investigate allegations and prepare a response.

However, I respectfully submit that the City Defendants have not adequately demonstrated why the full 45-day extension is necessary, particularly when the City possesses records concerning the incidents underlying this litigation.

Under Federal Rule of Civil Procedure 6(b)(1)(A), extensions of time may be granted for good cause.

The City Defendants have access to NYPD complaint histories, 911 recordings, computer-aided dispatch records, body-worn camera recordings, and other information concerning my repeated requests for police assistance.

These records should assist the City in evaluating the allegations.

Moreover, the continuing harassment has created substantial concerns for my personal safety and has interfered with my ability to peacefully occupy my residence.

I understand that the Court previously denied my request for preliminary injunctive relief because I had not established the applicable legal requirements.

Respectfully, I submit that the preliminary-injunction determination and the question of whether good cause supports a 45-day extension are separate procedural matters.

The denial of preliminary injunctive relief does not establish that the underlying harassment has ended, that the alleged harm is insignificant, or that subsequent incidents cannot support a renewed application for relief.

I respectfully request that the Court reconsider the length of the extension in light of the continuing circumstances.

Alternatively, if the Court maintains the January 11, 2027 deadline, I request that it consider interim protective relief independent of the Defendants' deadline to respond to the Complaint.

II. ADDITIONAL INCIDENTS OF HARASSMENT, THREATS, INTIMIDATION, AND DISCRIMINATORY CONDUCT NOT PREVIOUSLY REPORTED TO THE COURT

I respectfully submit the following additional incidents involving Kevin Harper, another tenant in my building, which have not previously been brought to the Court's attention.

These incidents are part of an ongoing pattern of targeted harassment that has continued for more than a year. The conduct has occurred inside my residential building, in common areas, outside my apartment, and on public streets near my residence.

The incidents described below provide additional factual context concerning the continuing threats to my safety and the repeated notifications to the NYPD, CAMBA, my landlord, and building management.

A. Attempted Unauthorized Entry into My Apartment

Mr. Harper has attempted to enter my apartment without my permission.

These incidents occurred against the background of his repeated threats, intimidation, and hostile conduct toward me.

I have not given Mr. Harper permission to enter my residence, and his attempts to gain access have caused me to fear that he may attempt to confront or physically harm me inside my home.

My apartment should be a place where I can feel secure. Instead, I have become concerned about my safety even while inside my residence.

Given Mr. Harper's previous threatening statements and aggressive conduct, I consider these attempts particularly alarming.

B. Threats and Intimidation in the Building's Common Areas

Mr. Harper has repeatedly engaged in threatening and intimidating behavior toward me in the building's common areas, including the hallways.

These incidents have occurred in areas that I must use to enter and leave my apartment.

His conduct has caused me to fear encountering him while going about ordinary daily activities.

The repeated intimidation has interfered with my ability to move freely through the building without concerns for my personal safety.

I respectfully submit that these incidents should be considered together with his subsequent threats of physical violence, rather than treated as unrelated encounters between neighbors.

C. Following Me Outside the Building

Mr. Harper has followed me outside the building and onto the street.

This conduct has extended the reported harassment beyond my apartment and the building's common areas.

I have become concerned that confrontations may occur while I am walking outside, or traveling near my residence.

The November 17 and November 22, 2026 incidents further illustrate these concerns because both involved Mr. Harper approaching or confronting me while I was in or near a vehicle.

I consider this behavior threatening in light of the history of hostility and intimidation.

D. Repeated Discriminatory Slurs and Hostile Statements

Mr. Harper has directed discriminatory and derogatory statements toward me, including insults concerning my gender identity and perceived sexual orientation.

On November 22, 2026, he expressly called me a "homo" immediately before threatening to punch me.

I believe the use of discriminatory slurs in connection with threats of violence raises concerns that the reported harassment may be motivated, at least in part, by hostility toward my protected characteristics.

These statements are particularly relevant to my allegations concerning the NYPD's handling of my complaints because they provide context that should be considered when evaluating whether reported incidents may involve bias-motivated harassment.

E. Deliberate and Repeated Excessive Noise Harassment

Mr. Harper has repeatedly played excessively loud music inside his apartment.

I believe these disturbances are intended to harass and intimidate me rather than merely reflecting ordinary residential noise.

My belief is based, in part, on Mr. Harper's reported admission to NYPD officers, captured on body-worn camera footage, that he intentionally plays loud music to harass me.

Despite this reported admission, responding officers have repeatedly treated the disturbances as isolated noise complaints.

The disturbances have interfered with my ability to peacefully occupy my apartment and have contributed to the distress associated with the continuing harassment.

On November 22, 2026, Mr. Harper began blasting loud music shortly after directing a homophobic slur at me and threatening to punch me.

When responding NYPD officers attempted to contact him, the music was so loud that he did not answer his door.

I respectfully submit that the timing of this disturbance and his prior reported admission provide important context concerning the intentional nature of the conduct.

F. Threats of Physical Violence

Mr. Harper has repeatedly engaged in conduct that I have perceived as threatening.

On November 17, 2026, while I was inside a vehicle stopped at a traffic light, Mr. Harper approached, grabbed his crotch, and challenged me to exit the vehicle and fight him.

I subsequently reported this incident to CAMBA.

On November 22, 2026, Mr. Harper approached while I was exiting a vehicle, photographed it, directed a homophobic slur at me, and stated, "You lucky I don't punch you in the face."

I understood this statement as an explicit threat of physical violence.

These incidents have increased my concern that the harassment may escalate into an actual physical confrontation.

G. Continuing Disturbances Involving a Frequent Female Guest

I have also witnessed or heard repeated disturbances involving Mr. Harper and a frequent female guest.

During these incidents, I have heard loud banging and crashing that sounded like bodies being slammed against floors or walls.

During one incident, Mr. Harper shove the female guest out of his apartment and close the door.

The woman began repeatedly kicking the apartment door.

Mr. Harper subsequently allowed her back inside. Approximately one hour later, he contacted the police to have her removed from the building.

I include these events because they have contributed to my concerns about escalating confrontations and disturbances within the building.

I do not claim to know everything that occurred inside Mr. Harper's apartment or the circumstances of each altercation.

H. Continuing Impact on My Safety and Residential Security

The incidents described above have occurred over an extended period and involve conduct that I believe must be evaluated collectively.

I have experienced threatening statements, discriminatory slurs, intimidation, attempted unauthorized entry, following, and repeated intentional noise disturbances.

The conduct has affected my sense of security inside my apartment, in the building's common areas, and while traveling outside my residence.

As a person with a disability, I have previously explained that the continuing harassment has adversely affected my health and well-being.

I have repeatedly sought assistance from the NYPD, CAMBA, building management, and my landlord.

Despite those efforts, the incidents have continued.

I. Relevance of These Newly Reported Incidents to the Requested Judicial Relief

I respectfully emphasize that the incidents described in this section have not previously been presented to the Court or in this level of detail.

I submit them now to provide a more complete account of the continuing conduct and the circumstances underlying my request for judicial intervention.

These incidents are relevant to my concerns regarding personal safety, the alleged failure of City agencies to adequately address repeated complaints, and the potential prejudice associated with delaying the Defendants' response.

I recognize that the Court has previously determined that I did not satisfy the requirements for preliminary injunctive relief.

However, I respectfully submit that the Court should consider these additional allegations and subsequent events when evaluating whether renewed or narrowly tailored interim relief is appropriate.

I request that the Court consider ordering the City Defendants, to the extent permitted by applicable law, to undertake appropriate supervisory review, preserve relevant records, assess the reported threats and potential bias motivation, and ensure nondiscriminatory handling of my complaints.

I am not requesting that the Court direct a particular arrest or criminal charging decision.

I am requesting that the repeated threats, discriminatory statements, and continuing harassment receive appropriate consideration and that the City Defendants be required to respond to the allegations through lawful and meaningful measures.

III. NOVEMBER 17, 2026, THREATENING CONFRONTATION

On November 17, 2026, I was inside a vehicle, stopped at a traffic light, when Mr. Harper saw me and approached the vehicle.

He grabbed his crotch and challenged me to exit the vehicle and fight him.

I understood this conduct as threatening and intimidating.

The confrontation occurred outside the building, demonstrating that the reported harassment was not confined to my apartment or the building's common areas.

I subsequently reported the incident to CAMBA.

Despite repeated notifications to the appropriate agencies and responsible entities, the harassment continued.

IV. NOVEMBER 22, 2026, HOMOPHOBIC SLUR, THREAT OF PHYSICAL VIOLENCE, AND INTENTIONAL NOISE HARASSMENT

On November 22, 2026, I was exiting a vehicle outside my Brooklyn residence when Mr. Harper approached from down the block.

He stopped and photographed the vehicle.

Mr. Harper then directed a homophobic slur at me, calling me a "homo," and threatened me by stating, "You lucky I don't punch you in the face."

I understood this statement as a direct threat of physical violence.

After entering the building, Mr. Harper began blasting excessively loud music past midnight.

This conduct was consistent with the previously reported pattern of intentional noise harassment.

I called 911 to report the incident.

Responding NYPD officers took a report and attempted to contact Mr. Harper by ringing his apartment doorbell.

However, the music was so loud that Mr. Harper did not answer the door.

The November 22 incident is particularly concerning because it involved an explicit threat of physical violence immediately following a discriminatory slur.

I believe these circumstances warranted consideration of whether the incident involved bias-motivated harassment or another potential criminal offense.

The incident also occurred after Mr. Harper's reported admission to NYPD officers that he intentionally plays loud music to harass me.

Despite the history of complaints and police involvement, the underlying conduct remains unresolved.

V. NYPD CLOSED TWO NOISE COMPLAINTS WITHOUT RESPONDING

I have also reported two separate noise complaints that the NYPD closed without officers visiting the location or conducting an on-site investigation.

These complaints involved the same tenant whose conduct I have repeatedly reported to law enforcement.

The complaints were closed despite the documented history of alleged targeted harassment and intentional noise disturbances.

I believe the closure of these complaints without an on-site response raises concerns about the adequacy and impartiality of the NYPD's handling of my reports.

I contacted the 66th Precinct concerning the handling of my complaints, including contact involving on-duty Sergeant Mei.

I request that the City Defendants review the relevant complaint numbers, dispatch histories, closure codes, officer assignments, and communications concerning the decisions to close these complaints.

The repeated closure of complaints without officers responding has also interfered with my ability to document the continuing disturbances and obtain meaningful assistance.

## VI. ALLEGATIONS OF BIASED POLICING AND UNEQUAL PROTECTION

I believe the NYPD's handling of my repeated complaints raises concerns regarding biased policing and unequal treatment.

I have repeatedly reported threats, discriminatory slurs, deliberate harassment, and conduct that has caused me to fear for my personal safety.

Despite these reports, the NYPD has on multiple occasions failed to adequately consider the documented pattern of harassment.

I am concerned that my gender identity, sexual orientation or perceived sexual orientation, and disability may have affected the manner in which my complaints have been handled.

I recognize that the police retain lawful discretion in deciding whether sufficient grounds exist for an arrest or other enforcement action.

My allegations, however, extend beyond the absence of arrests.

I am concerned about whether officers have provided fair and impartial police services, properly considered the repeated threats, and evaluated the evidence of possible bias-motivated harassment.

The Equal Protection Clause of the Fourteenth Amendment prohibits intentional discriminatory treatment by government officials.

I believe the reported pattern of police responses warrants investigation to determine whether discriminatory considerations influenced the handling of my complaints.

I respectfully request that the Court consider these allegations in evaluating whether appropriate interim relief is necessary.

VII. CLARIFICATION REGARDING PLAINTIFF'S BROOKLYN RESIDENCE

The City Defendants' November 20, 2026 letter questioned whether I reside in Queens rather than Brooklyn.

That suggestion is incorrect.

My Queens address is a mailing address.

My residence is located in Brooklyn, Kings County, New York.

The harassment, threats, intimidation, excessive noise, and other incidents giving rise to this litigation occurred at or in connection with my Brooklyn residence.

All of the 911 calls concerning these incidents were associated with my Brooklyn residential address.

The NYPD's own dispatch records, incident histories, and body-worn camera recordings should confirm the location.

I respectfully request that the Court take notice of this clarification and that the City Defendants review their records before continuing to question my residence.

VIII. CLARIFICATION REGARDING THE SEPARATE HARPER ACTION

I have also requested emergency intervention and preliminary injunctive relief against Kevin Harper in a separate federal action:

Nickie Kane v. Kevin Harper
Case No. 1:26-cv-00271-RER-SDE
United States District Court
Eastern District of New York

On May 4, 2026, I submitted a request for emergency intervention concerning Mr. Harper's continuing harassment, threats, discriminatory statements, and intimidation.

I intend to seek renewed injunctive relief against Mr. Harper in that separate proceeding based on subsequent incidents.

That request is distinct from the relief sought in the present action.

In this case, I seek relief concerning the City Defendants' alleged failure to provide nondiscriminatory police services and adequately address my repeated complaints.

I am not requesting that this Court adjudicate the separate claims against Mr. Harper through the present filing.

IX. REQUEST FOR AN ORDER DIRECTING THE CITY DEFENDANTS TO TAKE APPROPRIATE ACTION

I respectfully request that the Court consider ordering the City Defendants, through the appropriate responsible officials and agencies, to take specific, lawful action to address the continuing threats and alleged discriminatory handling of my complaints.

My request includes the following proposed measures:

A. Review of Prior Complaints

Direct the appropriate City officials to conduct a supervisory review of the repeated reports of harassment, threats, discriminatory slurs, and intentional noise disturbances involving Mr. Harper.

The review should include the November 17 and November 22, 2026 incidents and the two noise complaints closed without an on-site response.

B. Review of Potential Bias-Motivated Harassment

Direct the appropriate officials to evaluate whether the reported discriminatory slurs and threats warrant referral to the NYPD Hate Crime Task Force or another appropriate investigative unit.

I am not requesting a predetermined finding that a hate crime occurred. I request that the reported evidence of potential bias motivation receive appropriate consideration.

C. Preservation of Evidence

Direct the City Defendants to preserve relevant 911 recordings, dispatch records, complaint histories, body-worn camera footage, incident reports, complaint closure records, and other documentation concerning the reported incidents.

D. Nondiscriminatory Handling of Future Complaints

Direct the City Defendants, to the extent consistent with applicable law and the Court's authority, to ensure that future complaints involving threats or harassment are evaluated without discrimination based on protected characteristics.

E. Supervisory Assessment of Safety Concerns

Direct appropriate NYPD supervisory personnel to review the continuing threats and determine whether lawful protective or investigative measures are warranted.

Such measures should be determined through appropriate police procedures and should not require officers to make arrests without legal grounds.

F. Written Status Report

Direct the City Defendants to submit a status report to the Court within 14 days explaining what steps have been taken to review the repeated complaints, preserve relevant evidence, and assess the continuing allegations of threats and discriminatory harassment.

These proposed measures are intended to address the reported continuing harm while preserving the City's lawful investigative discretion.

## X. LEGAL BASIS FOR REQUESTED INTERIM RELIEF

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders.

I recognize that an order requiring affirmative government action may constitute a mandatory preliminary injunction and may require a heightened showing under applicable Second Circuit precedent.

I respectfully request that the Court evaluate the present application in light of the additional incidents that have occurred since the previous determination.

### A. Irreparable Harm

I have reported repeated threats of physical violence, discriminatory harassment, intimidation, attempted unauthorized entry, and conduct that has interfered with my ability to safely enter and leave my residence.

The November 22, 2026 incident involved an explicit threat to punch me, immediately following a homophobic slur.

I am concerned that the repeated threats may escalate into physical violence.

The alleged continuing conduct has also caused substantial distress and interfered with my ability to peacefully occupy my home.

As a person with a disability, I have previously explained the adverse effects these incidents have had on my health and well-being.

I respectfully submit that these circumstances support a finding of a continuing risk of harm that should be evaluated in considering interim relief.

### B. Likelihood of Success on the Merits

My Complaint alleges that the City Defendants have failed to provide equal protection and nondiscriminatory access to police services.

The reported conduct includes repeated complaints of harassment, threats, discriminatory slurs, failures to adequately investigate, and the closure of two noise complaints without an on-site response.

I recognize that proving a constitutional violation requires more than establishing that officers failed to make an arrest or resolve a dispute.

However, I submit that the pattern of reported incidents, taken together with evidence concerning the handling of my complaints, warrants further judicial consideration of whether unlawful discriminatory treatment occurred.

I request an opportunity to present the relevant complaint records, recordings, and other supporting evidence.

C. Balance of Hardships

The requested relief seeks appropriate review of reported threats, preservation of evidence, and nondiscriminatory handling of complaints.

I submit that these measures would address legitimate safety concerns while respecting the City's lawful discretion.

The hardship I face involves continuing threats and concerns for my personal safety.

I respectfully request that the Court consider whether narrowly tailored measures can address the alleged harm without imposing unreasonable burdens on the City Defendants.

D. Public Interest

The public has an interest in fair and nondiscriminatory access to police services.

The public also has an interest in the lawful investigation of reported threats and possible bias-motivated harassment.

I submit that narrowly tailored interim relief promoting lawful and impartial handling of complaints would be consistent with those interests.

XI. REQUEST FOR RELIEF

For the foregoing reasons, I respectfully request that the Court:

1. ACCEPT this letter as Plaintiff's continued opposition to the City Defendants' requested 45-day extension, notwithstanding that the extension has already been granted.
2. RECONSIDER the extension or clarify that the earlier preliminary-injunction determination does not establish that Plaintiff faces no continuing harm or prejudice from delay.
3. DIRECT the City Defendants to respond to Plaintiff's request for interim protective relief on an expedited schedule established by the Court.

4. UPON THE REQUIRED SHOWING UNDER RULE 65, ORDER the City Defendants, through appropriate responsible officials, to undertake a supervisory review of the reported threats, harassment, and handling of Plaintiff's police complaints.
5. ORDER, to the extent legally warranted, appropriate consideration of whether the November 22, 2026 incident should be referred to the NYPD Hate Crime Task Force or another investigative unit.
6. ORDER preservation of relevant 911 recordings, NYPD dispatch records, body-worn camera footage, complaint histories, and related evidence.
7. ORDER, to the extent supported by the evidence and applicable law, nondiscriminatory handling of Plaintiff's future complaints and appropriate supervisory consideration of the continuing safety concerns.
8. DIRECT the City Defendants to submit a written status report within 14 days addressing the reported complaints, evidence preservation, and any steps taken to evaluate the continuing threats.
9. TAKE NOTICE of the November 17 and November 22, 2026 incidents and the two noise complaints reportedly closed without officers responding.
10. TAKE NOTICE that Plaintiff resides in Brooklyn, Kings County, and uses a Queens address solely for mailing purposes.
11. CLARIFY that the separate request for injunctive relief against Kevin Harper in Case No. 1:26-cv-00271-RER-SDE is distinct from the relief sought against the City Defendants in this action.
12. Alternatively, if the Court declines to grant immediate protective relief on the present submission, PERMIT Plaintiff to file a properly supported renewed motion for preliminary injunctive relief and establish an expedited briefing schedule.
13. GRANT such other and further relief as the Court deems just and proper.

XII. CONCLUSION

I acknowledge that the Court has granted the City Defendants' request for an additional 45 days to respond to my Complaint.

However, I respectfully maintain my opposition because the harassment, threats, and alleged failures of police protection have continued.

The issue before the Court extends beyond the Defendants' need for additional time.

I have repeatedly contacted the NYPD, CAMBA, and responsible housing entities seeking assistance with ongoing threats and targeted harassment.

Despite these reports, the conduct has continued.

On November 17, 2026, Mr. Harper approached a vehicle and challenged me to fight.

On November 22, 2026, he directed a homophobic slur at me, threatened to punch me, and subsequently began blasting loud music inside the building.

I have also reported two additional noise complaints that were closed without an on-site police response.

I am concerned that these incidents demonstrate a continuing threat to my safety and a repeated failure to adequately address my complaints.

Although I recognize the Court's previous preliminary-injunction ruling, I respectfully submit that the subsequent incidents warrant renewed consideration of the need for appropriate interim relief.

I am not requesting that the Court compel an arrest or dictate the outcome of a criminal investigation.

I am requesting meaningful judicial intervention to ensure that the reported threats and discriminatory harassment are appropriately reviewed, that relevant evidence is preserved, and that my complaints are handled fairly and without discrimination.

I respectfully request that the Court consider ordering the City Defendants to take appropriate lawful action rather than allowing the litigation to proceed for another 45 days without addressing the continuing safety concerns.

Dated: November 23, 2026
Brooklyn, New York

Respectfully submitted,

Nickie Kane Plaintiff, Pro Se

Cc: Alfred Miller, Jr.
Assistant Corporation Counsel
New York City Law Department

Counsel of Record for City Defendants

Cc: Alfred Miller, Jr.
Assistant Corporation Counsel
New York City Law Department

Javeria Ijaz, Esq.
Counsel for Defendants, as applicable